Case 10-01277    Filed 01/29/11    Doc 9

2010-01277
FILED
January 29, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003217249

**5**

MARK L. POPE #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for Plaintiff, August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JASON C. YOUNGBLOOD,<br><br>Debtor.<br>_____<br><br>AUGUST B. LANDIS,<br>Acting United States Trustee,<br><br>Plaintiff,<br>v.<br><br>JASON C. YOUNGBLOOD,<br><br>Defendant.<br>_____ | Case No. 10-62129-B-13<br>Chapter 13<br><br>UST-001<br><br><br><br><br>A.P. No. 10-01277-B<br><br><br>DATE:    January 13, 2011<br>TIME:    1:30 p.m.<br>PLACE:   U.S. Bankruptcy Courthouse<br>         Department B, Courtroom 12<br>         2500 Tulare Street<br>         Fresno, California<br>JUDGE:   W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
UNITED STATES TRUSTEE'S COMPLAINT TO (1) DISMISS CHAPTER 13 CASE
WITH PREJUDICE AND (2) ENJOIN DEBTOR FROM FILING FOR TWO YEARS**

On January 13, 2011, the Court considered the United States Trustee's Complaint to (1) Dismiss Chapter 13 Case With Prejudice and (2) Enjoin Debtor From Filing For Two Years. Robin Tubesing, Esq. appeared for the United States Trustee. Defendant, Jason C. Youngblood, did not appear. Having reviewed the pleadings and considered the arguments of the parties, the Court now issues the following findings of fact and conclusions of law.

- 1 -

RECEIVED
January 18, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003217249

**Findings of Fact**

1. The Defendant filed the Current Case in the Fresno Division on October 21, 2010.

2. The Defendant has filed a total of three bankruptcy cases within a six month period: Case No. 10-15047-B-13F ("Case No. 1"); Case No. 10-19500-B-13F ("Case No. 2"); and Case No. 10-62129-B-13F ("Current Case").

**CASE NO. 1**

3. Case No. 1 was filed as a "skeletal" petition in Fresno, California, on May 6, 2010, and was dismissed on June 7, 2010.

4. The Defendant requested that he be allowed to pay the court filing fee in installment payments, which was granted by this Court. The Defendant did not pay the court fees.

5. The schedules and other documents were due on May 20, 2010. On May 20, 2010, the Defendant requested an extension of time to file the documents, which was granted by this Court. The new deadline to file the documents was June 4, 2010. On June 7, 2010, the case was dismissed for failure to file the documents.

**CASE NO. 2**

6. Case No. 2 was filed as a "skeletal" petition in Fresno, California, on August 20, 2010, and was dismissed on September 21, 2010.

7. The Defendant requested that he be allowed to pay the court filing fee in installment payments, which was granted by this Court. The Defendant did not pay the court fees.

8. The schedules and other documents were due on September 3, 2010. On September 2, 2010, the Defendant requested an extension of time to file the documents, which was granted by this Court. The new deadline to file the documents was September 20, 2010. On September 21, 2010, the case was dismissed for failure to file the documents.

9. The Defendant made no payments to the Chapter 13 trustee.

10. Exhibit D was filed indicating that, "[d]ue to foreclosure, will file within 5 days." No credit counseling certificate was filed in this case.

**CURRENT CASE**

11. The Current Case was filed as a "skeletal" petition in Fresno, California, on October 21, 2010.

12. The Defendant requested that he be allowed to pay the court filing fee in installment payments, which was granted by this Court. An Order to Show Cause for failure to pay the filing fee installment was issued on November 15, 2010, with a hearing scheduled for December 2, 2010.

13. The schedules and other documents were due on November 4, 2010. On November 3, 2010, the Defendant requested an extension of time to file the documents, which was granted by this Court. The new deadline to file the documents was November 19, 2010.

14. The Current Case was dismissed on November 20, 2010, for failure to file the documents. This Court retained jurisdiction over this adversary proceeding.

**Conclusions of Law**

15. The United States Trustee is responsible for supervising the administration of cases under chapter 13 of the Bankruptcy Code and has standing to file this complaint. 28 U.S.C. § 586(a)(3)(A); 11 U.S.C. § 307.

16. Under 11 U.S.C. §§ 349(a) and 1307(c), the court may dismiss a case with prejudice to the discharge of existing debts on grounds of bad faith, which includes, but is not limited to (a) whether the debtor has a history of bankruptcy petition filings and case dismissals; (b) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; (c) whether egregious behavior is present; and (d) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed the petition in an inequitable manner. *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 2004); *In re Price*, 353 F.3d 1135, 1139-1140 (9th Cir 2004).

17. The Defendant's serial skeletal filings, his failure to file the documents required

under Federal Rules of Bankruptcy Procedure 1007 in every case, and his failure to pay court filing fees constitute bad faith and warrants dismissal of this case with prejudice.

18. 11 U.S.C. § 109(g) provides in pertinent part:

> No individual may be a debtor who was a debtor in a case pending 180 days prior to the filing of the instant case if (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

11 U.S.C. §109(g).

19. The Defendant's willful filing of three Chapter 13 bankruptcy cases within a six month period and his willful failure to file required bankruptcy documents in every case not only constitutes grounds for dismissal 11 U.S.C. §1307(c)(4), but also constitutes "willful failure to appear" before the Court in proper prosecution of the case within the meaning of 11 U.S.C. §109(g). *In re Huerta*, 137 B.R. 356, 375 (Bankr. C.D. Cal. 1992) quoting *In re King*, 126 B.R. 777, 780-81 (Bankr. N.D. Ill. 1991).

20. The case of a debtor who frequently files bankruptcy petitions may be dismissed with a bar on future filings. *See e.g., In re Armwood*, 175 B.R. 779 (Bankr. N.D. Ga. 1994)(Debtor's fifth chapter 13 petition dismissed with prejudice with 180 day bar on filing); *In re Gros*, 173 B.R. 774 (Bankr. M.D. Fla. 1994) (Debtor's fifth bankruptcy filing in 25 months dismissed with prejudice with bar on future filing without leave of court); *In re Standfield*, 152 B.R. 528, (Bankr. N.D. Ill. 1993)(One of Debtor's two simultaneously pending cases dismissed with prejudice with 180 day bar on filing); *In re Stathatos*, 163 B.R. 83 (N.D. Tex. 1993)(Debtor's fourth bankruptcy case dismissed with prejudice with two year bar on filing); *In re Earl*, 140 B.R. 728 (Bankr. N.D. Ind. 1992) (Debtor's fourth chapter 13 case dismissed with 180 day bar on future filing under §105); *In re Jolly*, 143 B.R. 383 (E.D. Va. 1992), aff'd 45 F.3d 426 (4th Cir. 1994) (Debtor's seventh bankruptcy case dismissed with prejudice with 180 day bar on filing); *In re Bradley*, 38 B.R. 425 (Bankr. C.D. Cal. 1984)(Debtor's fourth bankruptcy filing in one year dismissed with prejudice and six month bar on filing).

21. The debtor here has filed three bankruptcy petitions in a six month period. His behavior demonstrates bad faith and intent to abuse the system. The number of cases filed and the debtor's consistent failure to pay the filing fee or file schedules compels dismissal with a bar on future filings for two years.

## Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

1. This case will be dismissed with prejudice; and

2. The debtor shall be barred from filing another bankruptcy petition within two years from the date of the dismissal.

A separate order shall be entered.

Dated: January 29, 2011

W. Richard Lee
United States Bankruptcy Judge